1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAYMOND ALFORD BRADFORD,              No.  2:23-cv-0223 DAD KJN P

12                Plaintiff,

13         v.                              FINDINGS &RECOMMENDATIONS

14   PATRICK WITHROW, et al.,

15                Defendants.

16

17        Plaintiff is a state prisoner, proceeding pro se, currently housed at California State Prison,

18   Sacramento ("CSP-SAC").  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  This proceeding

19   was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has not

20   paid the court's filing fee or requested leave to proceed in forma pauperis under 28 U.S.C.

21   § 1915.  However, as discussed below, court records confirm that plaintiff is not eligible to

22   proceed in forma pauperis; thus, he must pay the court's filing fee in full to proceed with this

23   action.

24        Section 1915(g)

25        A prisoner may not proceed in forma pauperis:

26             if the prisoner has, on 3 or more prior occasions, while incarcerated
               or detained in any facility, brought an action or appeal in a court of
27             the United States that was dismissed on the grounds that it was
               frivolous, malicious, or fails to state a claim upon which relief may
28             be granted, unless the prisoner is under imminent danger of serious

                                        1

physical injury.

28 U.S.C. § 1915(g).  Court records demonstrate that on at least three occasions lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted.  Indeed, in Bradford v. German, No. 1:15-cv-1511 LJO BAM (E.D. Cal. Oct. 14, 2015), the district court found plaintiff had sustained at least three strikes, taking judicial notice of the following cases filed by plaintiff:

> Bradford v. White, et al., 2:98-CV-00180-FCD-JFM-P (dismissed June 3, 1999, for frivolousness and as barred by the statute of limitations); Bradford v. Terhune, et al., 2:02-CV-01859-FCD-GGH-P (dismissed June 18, 2003, pursuant to 28 U.S.C. § 1915(g)); Bradford v. Terhune, et al., 1:04-CV-05496-AWI-DLB-PC (dismissed October 21, 2004, for failure to state a claim); Bradford v. Superior Court of CA, 1:07-CV-01031-OWW-LJO (dismissed August 21, 2007, for frivolousness) Bradford v. Grannis, 2:05-CV-00862-FCD-DAD-P (dismissed September 30, 2007, for frivolousness and failure to state a claim); Bradford v. Amaya, 1:08-CV-00211-OWW GSA (dismissed April 17, 2008, for failure to state a claim; and Bradford v. Terhune, et al., 1:04-CV-05261-LJO-SMS-PC (dismissed May 12, 2008, for failure to state a claim).

Bradford v. German, No. 1:15-cv-1511 LJO BAM (ECF No. 4 at 1, n.1.)  The undersigned takes judicial notice of all of the above cases.  Each of the above cases were filed prior to the instant action.  The above cases demonstrate plaintiff sustained three strikes under § 1915(g).

Imminent Danger

Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The operative pleading must make "a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint.  Andrews v. Cervantes, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit).  The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible.  Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2015).  But assertions of imminent danger may be rejected as overly speculative, fanciful, or conclusory.  Andrews, 493 F.3d at 1057, n.11.

In addition, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint."  Ray v. Lara, 31 F.4th 692 (9th Cir. 2022)

2

1  (adopting nexus test). "In deciding whether such a nexus exists, we will consider (1) whether the

2  imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to

3  unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would

4  redress that injury." Id. at *7 (adopting test as articulated by Second Circuit, citation omitted).

5  The three-strikes litigant must meet both requirements of the nexus test to proceed. Id.

6             Plaintiff's Complaint

7             Here, plaintiff names various employees of the Stockton County Jail as defendants,

8  claiming violations of his rights under the Constitution and California state law. Plaintiff was

9  housed ("out to court") at the Stockton County Jail for a felony criminal trial which was

10  ultimately dismissed. (ECF No. 1 at 4.) Specifically, plaintiff claims that on October 18, 2022,

11  defendants S. Carter and C. Gomez attacked plaintiff in his cell using unnecessary and excessive

12  force and thereafter, various other defendants denied plaintiff his medications, food and other

13  necessities. (ECF No. 1 at 8.) Plaintiff also claims that defendants destroyed and stole his

14  personal property. In addition to money damages, plaintiff seeks return of his property or

15  reimbursement therefor.

16             Discussion

17             Plaintiff fails to set forth any facts demonstrating he faced an imminent danger of serious

18  physical injury at the time he filed his complaint. Plaintiff's complaint was signed on January 15,

19  2023, and noted plaintiff's current housing at CSP-SAC. The alleged use of force by defendants

20  Carter and Gomez took place on October 18, 2022, at the Stockton County Jail. In addition,

21  because plaintiff is now housed at CSP-SAC, he is no longer subject to incidents at the Stockton

22  County Jail. Plaintiff is not likely to return to the Stockton County Jail given the dismissal of the

23  criminal charges. As discussed above, plaintiff must set forth facts demonstrating that at the time

24  he filed this action he faced an imminent danger of serious physical injury that is fairly traceable

25  to his underlying allegations. Plaintiff does not.

26             Because plaintiff alleges no facts suggesting that he was under imminent danger of serious

27  physical injury at the time he filed this action on January 15, 2023, he may not invoke the

28  ////

3

exception to 28 U.S.C. §1915(g).  Therefore, plaintiff must submit the court's filing fee in full to proceed with this action.

Plaintiff is cautioned that failure to pay the court's filing fee in full will result in the dismissal of this action.

In accordance with the above, IT IS RECOMMENDED that because plaintiff is not entitled to proceed in forma pauperis, plaintiff be ordered to pay the court's filing fee in full within thirty days from the date of any district court order adopting the instant findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 27, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/brad0223.1915g.noifp

4